**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**UNITED STATES OF AMERICA**                                    **CRIMINAL DOCKET**

**VERSUS**                                                                       **NO. 06-353**

**ALVIN HOLMES**                                                        **SECTION "K"(6)**


## ORDER AND OPINION


Before the Court is the "Motion to Dismiss Count in Superseding Bill of Information, Under the Speedy Trial Act, Due to Government Failure to Reindict" filed by defendant Alvin Holmes *pro se* (Doc. 155). Having reviewed the record and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

## BACKGROUND

On December 8, 2006, a grand jury indicted Alvin Holmes and a co-defendant on one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C), all in violation of 21 U.S.C. 846. (Doc. 25). On May 25, 2007, the Government filed a superseding bill of information charging Alvin Holmes with distribution of 30 grams of heroin in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). (Doc. 50). During his arraignment on June 6, 2007, Alvin Holmes executed a "WAIVER OF INDICTMENT" thereby consenting to have the criminal matter proceed by bill of information rather than by indictment.[1] (Doc. 58, 59).

Thereafter defendant Alvin Holmes pleaded guilty to Count 1 of the superseding bill of information. (Doc. 61). The Court sentenced Alvin Holmes to a 96 month term of imprisonment

_____

[1] A copy of the waiver is attached hereto as Exhibit 1.

to be followed by a 3 year term of supervised release for distribution of 30 grams of heroin. (Doc. 131).

## ANALYSIS

Defendant is presently incarcerated at a federal facility and seeks to dismiss Count 1 of the superseding bill of information contending that because the Government failed to timely indict him on that charge the Government violated his rights under the Speedy Trial Act (18 U.S.C. 3161 *et seq.*). Because defendant waived his right to be prosecuted by indictment and consented to be prosecuted by bill of information on that charge rather than by indictment, the Government was not required to obtain an indictment charging him with distribution of 30 grams of heroin. Accordingly, defendant is not entitled to the relief sought; the motion is DENIED.

New Orleans, Louisiana, this 6th day of October, 2009.

           STANWOOD R. DUVAL, JR.
           UNITED STATES DISTRICT JUDGE