# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 06-353** |
| **ALVIN HOLMES** | **SECTION "K"** |

## ORDER AND OPINION

Before the Court is defendant's *pro se* "Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" and his request for appointment of counsel in the proceeding (Doc. 157). Upon review of the record and applicable law, the Court concludes that defendant is not entitled to appointment of counsel pursuant to 18 U.S.C. § 3006A, not entitled to post-conviction relief under 28 U.S.C. § 2255, and that an evidentiary hearing is not necessary. Accordingly, defendant's motion to vacate his conviction and sentence is DENIED.

In 2006 a grand jury indicted defendant with conspiracy to distribute and possess with intent to distribute quantities of heroin in violation of 21 U.S.C. 841(a)(1) and 841(b)(C)(1), all in violation of 21 U.S.C. 846 (Doc. 25). The government then filed a superseding bill of information, charging defendant with distribution of 30 grams of heroin in violation of 21 U.S.C. 841(a)(1) and 841(b)(C)(1) (Doc. 50). Defendant executed a waiver of indictment and pleaded guilty in open court to the superseding bill of information (Docs. 58, 59). Thereafter, the Court sentenced defendant to 96 months of imprisonment and three years of supervised release, an upward departure from the Sentencing Guidelines range of 24 to 30 months (Doc. 131). The United States Court of Appeals for the Fifth Circuit affirmed defendant's conviction and

sentence.  *United States v. Holmes*, 339 Fed. Appx. 375 (5th Cir. La. 2009).

In this motion for post-conviction relief pursuant to 28 U.S.C. § 2255, defendant seeks to vacate his conviction and sentence on the following grounds:

- the government failed to obtain an indictment for the superseding bill of information;
- the district court improperly considered certain factors in rendering an upward departure sentence; and
- trial counsel rendered ineffective assistance.

## I. REQUEST FOR APPOINTMENT OF COUNSEL

In his motion, defendant asks the Court to appoint counsel for him in this proceeding pursuant to 18 U.S.C. §3006A.  Having reviewed the pleading and relevant law, the Court, for the reasons assigned, DENIES defendant's request for appointment of counsel.

Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions."  *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987).  However, "a court has discretion to appoint counsel to a 'financially eligible person' seeking relief under 28 U.S.C. §2255 when 'the interests of justice so require.'" *United States v. James*, 2007 WL 3171392 (E.D. La. October 29, 2007)(Vance, J.) quoting 18 U.S.C. §3006A.  Defendant has not demonstrated that the interests of justice warrant the appointment of counsel in conjunction with his motion for post-conviction relief.

## II. MOTION FOR POST-CONVICTION RELIEF

In order to prevail on a § 2255 motion and obtain an evidentiary hearing, the movant must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Conversely, if the "motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief," then the Court may deny the motion without holding an evidentiary hearing. *Id.*

## INDICTMENT CHALLENGE

Defendant first seeks relief on grounds that the government failed to indict him for the offense charged in the superseding bill of information. "[A]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant--in open court and after being advised of the nature of the charge and of the defendant's rights--waives prosecution by indictment." Fed. R. Crim. P. 7(b). On June 6, 2007, defendant waived his right to prosecution by indictment in open court and thereafter pleaded guilty to the superseding bill of information, acknowledging that he was fully aware of the charges against him (Docs. 58, 61). Therefore, defendant was properly prosecuted under the superseding bill of information.

## SENTENCING CHALLENGES

Defendant urges that this Court improperly calculated his criminal history record and considered unproven accusations against him, in imposing a sentence with an upward departure. "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Because the Fifth Circuit rejected defendant's challenge to these issues on direct appeal, defendant is precluded from raising these issues in his collateral attack.

# INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that trial counsel provided ineffective assistance in the following respects:

- counsel neglected to file a "Speedy Trial Act" motion when the government failed to reindict defendant;
- counsel did not contest the factors leading to the district court's upward departure from the sentencing guidelines; and
- counsel improperly withdrew from representation.

In order to prove ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Thus, the only way defendant may prevail is if he demonstrates that, "but for counsel's unprofessional errors, the result of the proceeding would have been different," and he was indeed prejudiced by the alleged errors made by counsel. *Id.* at 694. The movant must prove both prongs of the *Strickland* test to prevail on an ineffectiveness claim; if one prong fails, then the claim itself fails. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

It is undisputed that counsel did not file a "Speedy Trial Act" motion; nonetheless, defendant is not entitled to relief under this claim because he has not established prejudice. Although defendant denominates his claim as one pertaining to the Speedy Trial Act, the gravamen of his claim is that the government failed to issue a new indictment for the superseding bill of information before dismissing the initial indictment. However, "an offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant--in

4

open court and after being advised of the nature of the charge and of the defendant's rights--waives prosecution by indictment." Fed. R. Crim. P. 7(b). Defendant entered into a plea agreement with the government, whereby he agreed to plead guilty to the offense charged in the superseding bill of information, contingent on the fact that the initial indictment would be dismissed (Doc. 58). Defendant then executed a waiver of indictment (Doc. 59). Because the government was not required to indict defendant under the superseding bill of information, there was no need for counsel to file a motion to dismiss pursuant to any failure to indict defendant.

Defendant next argues that his attorney failed to challenge the factors that this Court used in determining an upward departure sentence; however, the record belies his assertions. Defendant relies on two instances to support his claim: (1) counsel failed to challenge the Court's use of defendant's prior convictions to enhance his sentence; and (2) counsel failed to challenge the Court's use of testimony from a federal witness that painted defendant in a negative light. The Court should consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in determining a particular sentence. 18 U.S.C § 3553(a). Contrary to defendant's assertions, his attorney did challenge the Court's use of these factors. Defendant's attorney filed a memorandum on October 20, 2008 opposing the government's motion for an upward departure based on an improper calculation of prior convictions (Doc. 129). Additionally, counsel argued at the sentencing hearing on October 29, 2008 that the negative testimony of a federal witness should not be a factor in determining defendant's sentence. Furthermore, after hearing the defense's closing argument at the sentencing hearing, the Court noted that defendant was opposed to an upward departure, as the record reflects (Doc. 143). Therefore, it is evident that counsel did make these attempts to

mitigate the sentence, and defendant was not prejudiced by any act or omission on the part of counsel in the Court's calculation of his sentence.

Finally, defendant attests that counsel improperly withdrew from representation because he did not file an *Anders* brief. Under *Anders*, "if counsel finds [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). Defense counsel requested permission to withdraw from the case after having filed a notice of appeal on behalf of defendant (Doc. 133). Additionally, defendant's attorney requested new appointment of counsel for defendant to carry through with the appeal. Accordingly, new counsel was appointed, and an appellate brief was filed on defendant's behalf. Because counsel did not assert in his motion to withdraw that defendant's appeal was frivolous, an *Anders* brief was not necessary. Pursuant to Local Rule 83.2.11, counsel had the right to withdraw upon written motion and with the Court's permission. Defendant's attorney withdrew in a proper manner and in no way deprived defendant of the right to counsel.

Defendant fails to establish that his attorney's representation was deficient or that he was prejudiced by any alleged deficiency. Accordingly, defendant's § 2255 motion to vacate his conviction and sentence is DENIED.

New Orleans, Louisiana, this 8th day of July, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE